# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

**STATE OF TENNESSEE v. ADRIAN BROWN**

**Appeal from the Circuit Court for McMinn County**
**Nos. 95857, 95858, 95859, and 95860    Carroll L. Ross, Judge**

---

**No. E2013-01199-CCA-R3-CD-FILED-OCTOBER 21, 2013**

---

The pro se appellant, Adrian Brown, appeals as of right from the McMinn County Circuit Court's order denying his Tennessee Rule of Criminal Procedure 36 motion to correct clerical error. The State has filed a motion requesting that this court dismiss the appeal or, in the alternative, affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion to affirm by memorandum opinion is well-taken and affirm the judgment of the McMinn County Circuit Court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Adrian Brown, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The record before this court shows that in December 1995, the appellant pleaded guilty to four counts of possession of less than .5 gram of cocaine with the intent to sell in exchange for a total effective sentence of 8 years' incarceration. On January 12, 1996, the trial court placed the appellant on community corrections supervision for one year. On January 13, 1997, upon successful completion of the community corrections supervision, the defendant was sentenced to probation for the remainder of the term. On October 21, 2003, revocation warrants issued alleging that the appellant had committed new felony drug

offenses. On April 12, 2005, a federal district court sentenced the appellant to life imprisonment as a career offender for two federal drug convictions. On June 10, 2005, the trial court dismissed the revocation proceedings that had been pending since October 2003. The appellant then unsuccessfully sought post-conviction relief and coram nobis relief in the trial court. *Adrian R. Brown v. State*, E2008-02129-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Apr. 9, 2009) (Memorandum Opinion), *perm. app. denied* (Tenn. Aug. 17, 2009).

On April 1, 2013, the appellant filed a motion to correct clerical error pursuant to Tennessee Rule of Criminal Procedure 36. In the motion, the appellant argued that the original judgments should have been amended to reflect his subsequent placement on community corrections and that the January 1996 community corrections orders were not file-stamped. On April 11, 2013, the trial court ruled that the orders were properly entered with a minute entry stamp and denied the appellant's motion. The appellant filed a timely notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3(b) from the trial court's April 11 order. The State has filed a motion to dismiss for lack of jurisdiction or, in the alternative, a motion for summary affirmance pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

The State argues that an appeal as of right does not lie from the trial court's denial of a motion to correct clerical error via Rule 36 of the Tennessee Rules of Criminal Procedure. We note that this court recently held that the 2012 amendments to Rule 36 concerning motions to correct clerical error "can be applied retroactively" to an appeal that was pending when the amended rules took effect. *State v. Charlie Burks*, No. W2011-02567-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., at Jackson, June 21, 2013) (State conceded retroactive application of amendments due to remedial and procedural nature of amendments). In any event, the amendments to Tennessee Rule of Criminal Procedure 36 and Tennessee Rule of Appellate Procedure 3(b) relative to an appeal from a motion to correct clerical error became effective July 1, 2012. *See* Tenn. R. App. P. 3(b), *Advisory Comm'n Comments*. The appellant in this case filed his motion to correct clerical error on April 1, 2013, and his notice of appeal on May 2, 2013, well after the effective date of the relevant amendments. Accordingly, the State's motion to dismiss is not well-taken and is DENIED.

Turning now to the State's request for summary affirmance, we note that the trial court, in denying the appellant's motion to correct clerical error, found that the January 1996 order placing the appellant on community corrections supervision was stamped with a minute book entry and, therefore, did not require correction. The minute book entry does not indicate the date the order was entered. Therefore, we question the sufficiency of the minute book entry stamp in lieu of a file-stamp date. *See State v. Stephenson*, 264 S.W3d 719, 729-30 (Tenn. Crim. App. 2007) (ruling that "the 'file-stamp' date provides evidence of when the order of sentence was entered by the clerk[, and] the effective date for entry of a judgment or order is the date of its filing with the court clerk after being signed by the judge"); *see also* Tenn. R. Crim. P. 32(e) (requiring a signature of the judge and entry by the clerk). We also

observe that the community corrections order was signed by the trial judge more than 30 days after the entry of judgment. While a petition for suspended sentence would have extended the trial court's jurisdiction beyond 30 days after the entry of judgment, the record before this court does not contain a petition for suspended sentence. Therefore, any discussion concerning the trial court's jurisdiction to enter the January 1996 order would be speculative in light of the record before this court. In any event, the sentences in these cases had long expired at the time of the filing of the motion to correct clerical error. Therefore, we conclude that summary affirmance is appropriate under the circumstances of this case.

Accordingly, we affirm the judgments of the McMinn County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.


_____
NORMA MCGEE OGLE, JUDGE